IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE VC-DC DOE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   CIVIL ACTION NO.:1:19-CV-23 |
| VIRGINIA COLLEGE, LLC; EDUCATION CORPORATION OF AMERICA, | ) ) ) ) ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

**To the Clerk of the United States District Court for the Western District of Texas:**

1. Defendants Virginia College, LLC ("Virginia College") and Education Corporation of America ("ECA") (collectively, "Defendants") hereby file this Notice of Removal under 28 U.S.C. §§ 1441, 1446 and Federal Rule of Civil Procedure 81(c).

2. Defendants remove this action from the 345th Judicial District Court of Travis County, Austin, Texas to the United States District Court for the Western District of Texas, Austin Division. This action is removable pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In support of this Notice of Removal, Defendants state the following:

### State Court Action

3. On November 28, 2018, Plaintiff Jane Doe ("Plaintiff") commenced this action by filing an Original Petition against Defendants Virginia College and ECA in the 345th Judicial District Court of Travis County, Austin, Texas, entitled *Jane VC-DC Doe v. Virginia College, LLC, et al.*, Case No. D-1-GN-18-007100 ("State Court Action").

4. Attached as **Exhibit 1** is a true and correct copy of all the process, pleadings, notices, and orders delivered to any party and filed in the State Court Action, as required by 28 U.S.C. § 1446.

5. Plaintiff's Original Petition asserts causes of action against Defendants for breach of contract, deceptive trade practices, fraud in the inducement, intentional infliction of emotional distress, intentional bullying, violation of the Americans with Disabilities Act, conspiracy, violation of Section 504 of the Rehabilitation Act, exemplary damages, pre- and post-judgment interest, and attorney's fees. *See generally* Exhibit 1, Original Petition.

## Diversity Jurisdiction

6. Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a).

7. As set forth below, the State Court Action is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

## There is Complete Diversity of Citizenship Between the Parties

Defendant Virginia College, LLC

8. Defendant Virginia College is a citizen of the States of Delaware and Alabama under 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Tewari De–Ox Systems, Inc. v. Mountain States/Rosen LLC*, 757 F.3d 481, 483 (5th Cir. 2014). Virginia College is an Alabama limited liability company. *See* Declaration of Roger L. Swartzwelder ("Swartzwelder Decl.") (attached

as **Exhibit 2**) at ¶ 3. Virginia College's sole member is Education Corporation of America ("ECA"). *See id.* at ¶ 4. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). ECA is a Delaware corporation whose principal place of business is in Birmingham, Alabama. *See* Swartzwelder Decl. at ¶ 4. Accordingly, by virtue of the citizenship of its sole member, ECA, Defendant Virginia College is a citizen of the States of Delaware and Alabama within the meaning of 28 U.S.C. § 1332(a).

Defendant Education Corporation of America

9. Defendant ECA is a corporation. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As stated immediately above, Defendant ECA is a citizen of the States of Delaware and Alabama.

Plaintiff Jane VC-DC Doe

10. Plaintiff is a Texas resident. *See* Exhibit 1, Petition at ¶ 1. It is true that, "[f]or diversity purposes, an individual's citizenship is determined by his domicile, rather than residence." *Preston v. Tenet Healthsystem Memorial Medical Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007). However, based upon the information admitted in Plaintiff's Original Petition, it does not appear that Plaintiff resides anywhere but in the State of Texas, and thus, for purposes of diversity jurisdiction, is a citizen of the State of Texas within the meaning of 28 U.S.C. § 1332(a).

11. Because Plaintiff, on the one hand, is a citizen of Texas, and Defendants, on the other hand, are citizens of Alabama and Delaware, there is complete diversity of citizenship between the parties.

**The Amount in Controversy Exceeds the Jurisdictional Minimum**

12. This Court's jurisdictional minimum amount that must be in controversy is any amount in excess of $75,000. *See* 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the "time of removal." *Lopez v. Iovate Health Scis., Inc.*, No. 2:09-CV-002, 2009 WL 10669030, at *2 (W.D. Tex. June 1, 2009). This amount was satisfied at the time of the filing of this action, and still is satisfied at the time of the instant request for removal.

13. This Court may, for removal purposes, look to the removal papers and the pleadings for underlying facts establishing the jurisdictional limit. *See id*. In this case, it is evident from the face of Plaintiff's Original Petition that the alleged damages exceed $75,000. Plaintiff is seeking $1,000,000 in actual damages and $5,000,000 in exemplary damages, as well as attorney's fees, costs and interest. *See* Exhibit 1, Petition at ¶¶ 4, 67.

14. Defendants refer herein to the allegations in the Original Petition solely to establish that the amount in controversy in this matter exceeds $75,000. In doing so, Defendants do not admit that Plaintiff is entitled to any damages or that it will be able to recover on any of its respective theories.

**Timeliness of Removal**

15. Defendants received notice of this lawsuit on or about December 10, 2018, when a copy of the Original Petition was personally given to their agent of service. *See* Swartzwelder Decl. at ¶ 5. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed before expiration of the 30-day period set forth in 28 U.S.C. § 1446(b). Additionally, notice is timely because it has been filed within one year after the original complaint was filed.

**All Other Removal Prerequisites Have Been Satisfied**

16. Removal to this district court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(d) because the 345th Judicial District Court is geographically located within the Western District of Texas.

17. Written notice of this Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the 345th Judicial District Court, as required by 28 U.S.C. § 1446(d).

18. The prerequisites for removal under 28 U.S.C. §1441 have been met.  For all the foregoing reasons, and because the State Court Action is one within the diversity jurisdiction of the federal district courts, the action is removable to federal court under 28 U.S.C. § 1441(a) and (b) because no defendant is a citizen of the State of Texas and the amount in controversy exceeds $75,000.

19. In the event that any questions should arise with regard to the propriety of the removal of the State Court Action, Defendants respectfully request the opportunity to conduct limited jurisdictional discovery on the citizenship of Plaintiff.

20. Defendants have sought no similar relief with respect to this matter.

## CONCLUSION

For the foregoing reasons, Defendants respectfully give notice that this action has been removed from the 345th Judicial District Court of Travis County, Austin, Texas to the United States District Court for the Western District of Texas, Austin Division, being the district and division for the county in which this action has been pending, and requests that this action proceed as properly removed to this Court.

DATE: January 8, 2019

        Respectfully submitted,

        */s/ John Hintz*
        John Hintz *(admitted in W.D. Texas)*
        **MAYNARD, COOPER & GALE, P.C.**
        551 Fifth Avenue, Suite 2000
        New York, NY 10176
        (646) 609-9280
        jhintz@maynardcooper.com

        *Attorney for Defendants Virginia College, LLC and Education Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 8, 2019, a copy of the foregoing Notice of Removal was served on the below-listed counsel of record for Plaintiff in the State Court Action via electronic mail:

        Terry P. Gorman, Esq.
        Chigozie F. Odediran, Esq.
        Gorman Law Firm, pllc
        901 Mopac Expressway South, Suite 300
        Austin, Texas 78746
        (512) 320-9177
        tgorman@school-law.co
        codediran@school-law.co

        *Attorneys for Plaintiff*

        */s/ John Hintz*
        John Hintz