IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE VC-DC DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 1:19-CV-23-RP |
| VIRGINIA COLLEGE, LLC; | § | |
| EDUCATION CORPORATION OF | § | |
| AMERICA, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants Virginia College, LLC ("Virginia College"), and Education Corporation of America's ("ECOA") (collectively, "Defendants"), Motion to Dismiss and Compel Arbitration. (Mot., Dkt. 6). Plaintiff Jane VC-DC Doe ("Plaintiff") did not file a response. The Court will therefore grant Defendants' motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(e)(2); *Vedol v. Jacobs Entm't, Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011). In the alternative, the Court briefly addresses the merits of Defendants' motion below.

The Federal Arbitration Act permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

Defendants allege that the parties entered into an arbitration agreement when Plaintiff, at the time she enrolled in Virginia College, executed (1) an Enrollment and Tuition Agreement, and (2) a

1

separate Arbitration Policy. (Mot., Dkt. 6, at 1). Defendants have submitted signed, redacted copies of these agreements, each of which contain the clause:

> ARBITRATION . . . BY SIGNING THIS CONTRACT, THE STUDENT . . . GIVE (sic) UP THE RIGHT TO GO TO COURT AND THE RIGHT TO TRIAL BY JURY AND EXPRESSLY ACKNOWLEDGE AND UNDERSTAND THAT HIS, HER, OR THEIR RIGHTS AND REMEDIES WILL BE DETERMINED BY AN ARBITRATOR AND NOT BY A JUDGE OR JURY.

(Enrollment & Tuition Agreement, Dkt. 6-1, at 3; Arbitration Policy, Dkt. 6-2, at 2). Plaintiff does not dispute that she entered into an arbitration agreement with Virginia College. (*See* Orig. Pet., Dkt. 1-1). The Court therefore finds that the parties entered into an arbitration agreement.

Next, the Court considers whether Plaintiff's claims are covered by the arbitration agreement. The two agreements Plaintiff signed further provide:

> Any claim, controversy or dispute arising out of or relating to this Contract or any alleged breach, violation or default of this Contract, together with all other claims, controversies or disputes of any nature whatsoever, including but not limited to all claims based in tort, fraud, contract, equity, state law, and/or federal law, arising out of or in relation to the Student's enrollment and participation in courses at the college, shall, upon notice by either party to the other party, be resolved and settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules.

(Enrollment & Tuition Agreement, Dkt. 6-1, at 3; Arbitration Policy, Dkt. 6-2, at 1). Defendants assert that "[t]his case arises out of the enrollment and participation of Plaintiff in the Respiratory Care program at Virginia College's Austin campus." (Mot., Dkt. 6, at 2). Plaintiff does not dispute this assertion. Because the arbitration agreement Plaintiff signed covers "any claim, controversy, or dispute . . . arising out of or in relation to the Student's enrollment and participation in courses at the college," the Court finds that the arbitration agreement covers all of Plaintiff's claims.

2

Finally, because the arbitration agreement covers all the issues raised in this action, the Court finds that this case should be dismissed. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss and Compel Arbitration, (Dkt. 6), is **GRANTED.** This action is **DISMISSED WITH PREJUDICE**.

**SIGNED** on March 12, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE